HARRISON HAYFORD *vs.* JOHN D. RUST.

Waldo. Opinion December 17, 1888.

*Attachment. Deed. Notice. R. S., c. 76, §§ 16, 17, 30, 36.*

A creditor who attaches real estate after another creditor has attached it, but sells the same on execution before the first attaching creditor sells it, each creditor being the purchaser in the sale on his own execution against the same debtor, will have the priority of title, as between the two creditors, if the first attaching creditor fail to record his deed for more than three months after his sale is made.

ON REPORT. Writ of entry to recover possession of certain premises in Belfast. Plea, general issue. It was admitted that both parties claim under the same grantor.

The court were to determine the rights of the parties from the legally competent and admissible testimony. The facts appear in the opinion.

*W. H. Fogler*, for demandant.

The attachment, seizure and sale gave the demandant title to the premises. The title continues in him unless it has become lost by the failure to record the deed within three months from the day of sale.

Tenant claims under a deed to him dated prior to demandant's deed; he is not, therefore, a subsequent purchaser. At the time of his purchase he had notice of the attachment in the suit upon which the premises were subsequently purchased. The failure to

record the demandant's deed within three months from the day of sale is settled against the tenant. *Caldwell* v. *Blake*, 69 Maine, 458; *Owen* v. *Neveau*, 128 Mass. 427; *Houghton* v. *Bartholomew*, 10 Met. 138; *Pease* v. *Bancroft*, 5 Ib. 90.

This case is distinguishable from *McGregor* v. *Brown*, 5 Pick. 170; see *Houghton* v. *Bartholomew*, *supra*.

*J. Williamson*, for defendant.

Demandant failed to acquire any title to the premises by reason of omitting to record the officer's deed within three months after the sale to him. The seasonable record of the deed is indispensable. The record in the registry of deeds is not sufficient notice of a prior lien so as to cure any defects which may exist in attempting to enforce the lien.

The same principle as to notice of a deed does not apply in the case of a prior attachment. *McGregor* v. *Brown*, 5 Pick. 170.

In *Houghton* v. *Bartholomew*, cited by demandant, the court proceeded on the ground that the creditor in the second execution, had actual knowledge of the prior levy, &c. The statutes of Massachusetts then required not only a copy of the attachment to be filed, but also a copy of the writ. Mass. Stat. 1839, 89. Such record or filing is not therefore to be regarded as equivalent to actual knowledge or notice, necessary to defeat the defendant's title in the case at bar.

PETERS, C. J. The demandant and defendant claim under different attachments and sales of the same parcel of land, once the property of Axel Hayford. The attachment under which the demandant claims to hold the land, was made first, but the deed from the officer to him, as purchaser under a sale in pursuance of the attachment, was not recorded until some time after the expiration of three months from the sale, whilst the defendant's title was acquired under an attachment dated after the other, the sale under it was made, and the proceedings completed, before judgment was obtained in the first action. Therefore, when the defendant's title was obtained, the demandant's right consisted of a pending attachment only. The deed to demandant not having been seasonably recorded, the title which he obtained was

only good against the debtor, and attaching creditors and purchasers having actual notice of the sale to him.

The land was sold in each instance in the manner that equities of redemption are sold, instead of being levied on by appraisement, it being allowable to do so, by recent legislation.   R. S., c. 76, § 30. By section 36 of same chapter, it is provided that the officer's deed to the purchaser in such case, "being recorded in the registry of deeds where the land lies, within three months after the sale, conveys to him all the title of the debtor in the premises."   The sections of same chapter relating to recording levies on land, read somewhat differently, but are no doubt of the same effect. It is provided that the officer shall, within three months after completing the levy, cause the execution and his return thereon to be recorded in the registry of deeds where the land lies.   "When not so recorded the levy is void against a person who has purchased for a valuable consideration, or has attached or taken on execution the same premises without actual notice thereof.   If the levy is recorded after the three months, it will be valid against a conveyance, attachment, or levy made after such record."   R. S., c. 76, §§ 16, 17.

Did the defendant's grantor in the present case, or did the defendant himself, have such notice as would bar the defendant from possessing a priority of title?   It is not pretended that the defendant saw or knew of anything beyond what the registry of deeds disclosed to him when he purchased of the second attaching creditor, and all that the latter saw or could see when the premises were sold to him on his execution, was the attachment in the first action then pending in court.

It is contended by the demandant that, when the sale was made under the second attachment, the pendency of the first attachment was notice, a continuing, floating or prospective notice, to the purchaser under that sale, of all the proceedings which afterwards took place in pursuance of the first attachment; and that it was immaterial whether his own deed was seasonably recorded or not.   The proposition is specious, but strikes against the statutes above quoted.   The pendency of the attachment might be constructive, but not actual, notice of all subsequent steps to

be regularly, taken, and of nothing more. A prior levy has the effect of an intervening levy.

Suppose that still another creditor had seized the premises on execution, without any actual notice of any other proceedings, after the expiration of three months from the sale to demandant, but before demandant's deed was recorded. Would not such supposed creditor's claim on the premises have priority over the demandant's claim? If not so, the statute requiring the registry of an officer's deed, is utterly useless. He has neither actual nor constructive notice. The statute clearly prescribes the right. But this third party could not possibly have a priority of title over the second attaching creditor who has sold the premises on execution before he did. A levy, without previous attachment, made in 1887, cannot supersede a levy made in 1886, the proceedings having been regular in each case. If we are correct in this assumption, and the demandant should be also correct in the position which he must establish in order to prevail in this action, we should have most contradictory results. The supposed creditor would have a better title than the demandant, the demandant a better title than the defendant, and still the defendant would have a better title than the supposed creditor. This demandant would be enabled to recover the premises from the defendant, and the third creditor could recover them from the demandant, and then this defendant could recover them back again from him.

We think the conclusion is inevitable that the sale made by the second creditor, and it matters not whether in pursuance of a previous attachment or not, stands good until it has been defeated by proceedings afterwards duly had and duly recorded by the first creditor. The moment he committed an error in those proceedings, his attachment was lost. His loss became the defendant's gain. The point is supported by authority. The same state of facts as here, existed in the case of *McGregor* v. *Brown*, 5 Pick. 170, and the decision there is unfavorable to the demandant in the present case. It is there said, "It does not appear that the intervening creditors knew that the plaintiff would recover a judgment and would levy on the land; and, besides, all creditors who are in pursuit of satisfaction of their debts by

means of attachment, are considered as running a race and each is entitled to take advantage of defects in the proceedings of the others." The same thing has been virtually decided in our own state, in *Pope* v. *Cutler*, 22 Maine, 105. The case of *Houghton* v. *Bartholomew*, 10 Met. 138, relied on by demandant, is based on facts somewhat different from those of the present case.

*Judgment for defendant.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.